GUÁNICA CENTRALE, APPELLANT, *v.* REGISTRAR OF SAN GERMÁN, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Denying Admission to Record of a Private Contract for the Purchase and Sale of Sugar Cane.

No. 261.—Decided March 7, 1916.

RECORD OF CONTRACT—AGRICULTURAL CONTRACT—PRIVATE CONTRACT—FEES.—A private contract for the purchase and sale of sugar cane signed before a notary, according to the Act of March 12, 1908, establishing a registry of affidavits or declarations, but which has not been prepared under the responsibility or faith of the. notary, is not a public document; therefore it is not necessary to affix thereto the internal-revenue stamp of one dollar required by section 356 of the Political Code, as amended by Act of March 7, 1912, or to attach a stamp of fifty cents, as required by section 3 of said act. The fees to be paid are all governed by the Act of March 10, 1910.

The facts are stated in the opinion.

Mr. *Benito Forés* for the appellant.

The registrar appeared *pro se.*

MR. JUSTICE WOLF delivered the opinion of the court.

Guánica Centrale, a corporation, made a contract with Juan Gelpí San Miguel for the sale of cane and other purposes. The executon of this instrument was acknowledged before a notary, but. not in the form that public documents are acknowledged, inasmuch as there were no witnesses and the instrument was not prepared under the responsibility or faith of the notary. The document was, as maintained by the appellant, a private one acknowledged before a notary public.

When the said contract was presented to the Registrar of. San Germán he refused to admit the document to record on the grounds: first, that it did not contain the one-dollar stamp required by section 356 of the Political Code, as amended by the Act. of March 7, 1912 (page 71, Spanish edition, Session Laws), and, second, for failure to attach a stamp of fifty cents, as required by section 3 of said act.

The act referred to in its pertinent parts is as follows:

"That there shall be levied, collected and paid:

"1. On each original instrument or document attested by a notary public or recorded by a registrar, one dollar: *Provided,* That upon all documents executed by officials in the course of official business no tax shall be levied, collected or paid.

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

"3. On each registration or record of such instrument or document, or copy thereof, fifty cents."

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

We are inclined to agree with the appellant that the document presented is not a public one authorized by a notary in the sense of the Civil Code or notarial code, but a private one. We think more especially that the record of this document and the fees to be paid therefor are all governed by the law of March 10, 1910, Session Laws of 1910, p. 119. The whole act relates to contracts for the sale and grinding of cane, such as is the object of this appeal, and section 6 of the law provides:

"Contracts of advances for agricultural purposes, as well as contracts for the grinding of cane, may be executed under a public instrument or under a private document subscribed before a notary public, in accordance with an Act entitled 'An Act to establish a registry of affidavits or declarations executed before notaries and for other purposes,' approved March 12, 1908; *Provided, however,* That where the contract comprises the placing, modification or extinction of a realty right, the same shall be executed under a public deed, and shall be recorded in the registry of property, pursuant to the provisions of the Mortgage Law.

"The aforesaid contracts of advances for agricultural purposes and for the grinding of cane shall contain a description of the property therein referred to, the kind of title of the property holder, and the terms and conditions stipulated by the parties.

"All rights under such contracts may be transferred under public instruments, where the original document was executed under an instrument of this nature, or under a mere endorsement, subscribed before a notary public, immediately after or in the margin of the

private document wherein the said contract shall have been written, setting forth in the said endorsement the names of the assignor and assignee, the consideration for and the date of the transfer.''

As we have said, we think this contract has none of the ear-marks of a public document, but even if it were otherwise we think the intention of the legislature with regard to the fees to be paid is completely expressed by section 11 of the said act, as follows:

''For each entry or marginal note made in any registry of contracts for agricultural purposes including the entry of filing, a fee of two dollars shall be charged, where the area of the land under the contract shall not exceed fifty *cuerdas;* three dollars where it is not over one hundred *cuerdas,* and five dollars if over one hundred *cuerdas.*

''Said fees shall be paid in internal-revenue stamps which shall be affixed and canceled by the registrar on the document, under the annotation thereof.''

It is only by virtue of the said Act of 1910 that contracts of this nature may be recorded in the registry of property. The regulation thereof is entirely fixed and controlled by the said act and the law with regard thereto is distinct from the general record of documents. The express words of section 11 leave no room for doubt. This piece of land contained over 100 *cuerdas.* The fee of five dollars was tendered in revenue stamps. It was the sum that the registrar was directed or authorized to charge and it was exclusive of any other charge.

The note must be

*Reversed.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.